**KILPATRICK STOCKTON LLP**
James Howell Sullivan Jr.
31 West 52nd Street, 14th Floor
New York, NY 10019
Telephone: (212) 775-8700
Facsimile: (212) 775-8800
JaySullivan@KilpatrickStockton.com

R. Charles Henn Jr.
(admitted *pro hac vice*)
Charles H. Hooker III
(admitted *pro hac vice*)
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4530
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

*Attorneys for Defendants/Counterclaim Plaintiffs*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIMLAR CORPORATION and RHODES LTD., <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> ADIDAS AG and ADIDAS AMERICA, INC., <br><br> Defendants/Counterclaim Plaintiffs, | Case No.: 08-CIV-8847 (SAS) <br><br><br> **ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** |

Defendants/Counterclaim Plaintiffs adidas AG and adidas America, Inc. ("adidas") set forth the following Answer and Counterclaims to the First Amended Complaint for Declaratory Judgment filed by Plaintiffs Jimlar Corporation and Rhodes Ltd. ("Plaintiffs").

1.    adidas admits the averments contained in Paragraph 1.

2.    adidas admits the averments contained in Paragraph 2.

3.    adidas admits the averments contained in Paragraph 3.

4.    adidas admits the averments contained in Paragraph 4.

5.    adidas admits the averments contained in Paragraph 5.

6.    adidas admits the averments contained in Paragraph 6.

7.    adidas admits the averments contained in Paragraph 7.

8.    adidas admits the averments contained in Paragraph 8.

9.    In response to Paragraph 9, adidas admits the averments with regard to adidas

America, Inc. only; adidas denies all of the averments with regard to adidas AG.

10.    adidas admits the averments contained in Paragraph 10.

11.    adidas is without knowledge or information sufficient to form a belief as to the

truth of the averments contained in Paragraph 11.

12.    adidas admits the averments contained in Paragraph 12.

13.    adidas admits the averments contained in Paragraph 13.

14.    adidas admits the averments contained in Paragraph 14.

15.    adidas is without knowledge or information sufficient to form a belief as to the

truth of the averments contained in Paragraph 15.

16.    adidas is without knowledge or information sufficient to form a belief as to the

truth of the averments contained in Paragraph 16.

17.    adidas is without knowledge or information sufficient to form a belief as to the

truth of the averments contained in Paragraph 17.

18.    In response to Paragraph 18, adidas admits that the June 26, 2008 "cease and

desist" letter from adidas's attorney is attached as Exhibit 6 to the First Amended Complaint.

adidas is without knowledge or information sufficient to form a belief as to the truth of the

remaining averments contained in Paragraph 18.

2

19.     adidas is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 19.

20.     adidas admits the averments contained in Paragraph 20.

21.     adidas admits the averments contained in Paragraph 21.

22.     In response to Paragraph 22, adidas admits that Rhodes has taken the position that the Accused Styles are not confusingly similar to the Three-Stripe Mark. adidas denies the remaining averments contained in Paragraph 22.

23.     In response to Paragraph 23, adidas admits that Rhodes and Jimlar offered: to cease the sale of the Cascade footwear, not to fill any new orders for the remaining Accused Styles (Exs. 2 – 5 to the First Amended Complaint), and to pay a sum to be determined as compensation for the alleged infringement. adidas denies the remaining averments contained in Paragraph 23.

24.     In response to Paragraph 24, adidas admits that it demanded that Plaintiffs agree not to sell footwear bearing a design that is confusingly similar to adidas's Three-Stripe Mark, including a design consisting of the Three-Stripe Mark with one additional stripe or less one stripe. adidas denies the remaining averments contained in Paragraph 24.

25.     adidas denies the averments contained in Paragraph 25.

26.     adidas denies the averments contained in Paragraph 26.

27.     adidas admits the averments contained in Paragraph 27.

28.     In response to Paragraph 28, adidas admits that Plaintiffs seek a judicial determination that the Accused Styles do not violate adidas's trademark rights. adidas denies the remaining averments contained in Paragraph 28 and further denies that Plaintiffs are entitled to the relief they seek.

3

## AFFIRMATIVE DEFENSES

29.    The Complaint fails to state a claim upon which relief may be granted.

30.    One or more of Plaintiffs' causes of action are barred by the equitable defense of laches.

31.    Plaintiffs have waived one or more causes of action asserted in the Complaint.

## COUNTERCLAIMS

Defendants/Counterclaim Plaintiffs adidas AG and adidas America, Inc. ("adidas") bring the following Counterclaims against Plaintiffs/Counter-Defendants Jimlar Corporation ("Jimlar") and its wholly owned subsidiary Rhodes Ltd. ("Rhodes") (collectively, "Jimlar/Rhodes").

1.    This Counterclaims is an action at law and in equity for trademark infringement and dilution, injury to business reputation, unfair competition, and deceptive trade practices, arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* (2004) ("Lanham Act"); the antidilution laws of the several states, including New York General Business Law § 360-l (McKinney 2008); the fair business practices and unfair and deceptive trade practices acts of the several states, including New York General Business Law § 349 (McKinney 2008); and the common law.

2.    Jimlar/Rhodes is offering for sale and selling to the public footwear bearing a confusingly similar imitation to adidas's registered Three-Stripe Mark. Jimlar/Rhodes's footwear is not manufactured by adidas, nor is Jimlar/Rhodes connected or affiliated with, or authorized by, adidas in any way. Jimlar/Rhodes's merchandise is likely to cause confusion and to deceive consumers and the public regarding its source, and Jimlar/Rhodes's goods dilute and tarnish the distinctive quality of adidas's Three-Stripe Mark.

4

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. This Court has jurisdiction over adidas's related state and common-law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

4.      This Court has personal jurisdiction over Jimlar and Rhodes because these parties have distributed, offered for sale, or sold infringing merchandise within this State, have engaged in acts or omissions within this State causing injury, have manufactured or distributed products used or consumed within this State in the ordinary course of trade, or have otherwise made contacts with this State sufficient to permit the exercise of personal jurisdiction. This District is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to adidas's claims occurred in this District.

## THE PARTIES

5.      adidas AG is a joint stock company organized and existing under the laws of the Federal Republic of Germany, having its office and principal place of business at Postfach 1120, D-91072 Herzogenaurach, Federal Republic of Germany.

6.      adidas America, Inc., is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 5055 N. Greeley Avenue, Portland, Oregon 97217. adidas America, Inc., is wholly owned by adidas AG and its affiliates and, within this country, adidas America is a licensed distributor of ADIDAS brand merchandise, including goods bearing the distinctive Three-Stripe trademark. adidas AG and adidas America, Inc., and any predecessors or related entities, are collectively referred to as "adidas."

7.     Jimlar is a New York corporation with a principal place of business at 160 Great Neck, Great Neck, NY 11021, and with a place of business at 711 Fifth Avenue, New York, New York.

8.     On information and belief, Rhodes is a Hong Kong corporation, having a principal place of business in Hong Kong, and is a wholly owned subsidiary of Jimlar responsible for the manufacture and importation of infringing footwear for sale to and through Bass Pro, Inc..

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

9.     adidas is currently, and for years has been, one of the world's leading manufacturers of athletic footwear, sportswear, and sporting equipment. Over fifty years ago, adidas first placed three parallel bands on its athletic shoes, and the Three-Stripe Mark came to signify the quality and reputation of adidas footwear to the sporting world early in the company's history.

10.     At least as early as 1952, adidas began using the Three-Stripe Mark on athletic footwear sold in the United States and worldwide. Pages from adidas catalogs featuring footwear bearing the Three-Stripe Mark are attached as **Exhibit 1**.

11.     adidas AG is the owner of a federal trademark registration, Reg. No. 1,815,956, issued by the United States Patent and Trademark Office on January 11, 1994, for the Three-Stripe Mark, as depicted below, for "athletic footwear."



6

Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 2**.

12.     adidas AG is the owner of a federal trademark registration, Reg. No. 1,833,868, issued by the United States Patent and Trademark Office on May 3, 1994, for the Three-Stripe Mark, as depicted below, covering "athletic footwear.



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 3**.

13.     adidas AG is the owner of a federal trademark registration, Reg. No. 2,278,589, issued by the United States Patent and Trademark Office on September 21, 1999, for the Three-Stripe Mark, as depicted below, covering "athletic footwear."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 4**.

14.    adidas AG is the owner of a federal trademark registration, Reg. No. 3,029,135, issued by the United States Patent and Trademark Office on December 13, 2005, for the Three-Stripe Mark, as depicted below, for "footwear." A copy of the Certificate of Registration for this mark is attached as **Exhibit 5**.



15.    adidas AG is the owner of a federal trademark registration, Reg. No. 3,029,129, issued by the United States Patent and Trademark Office on December 13, 2005, for the Three-Stripe Mark, as depicted below, for "footwear." A copy of the Certificate of Registration for this mark is attached as **Exhibit 6**.



16.    adidas also owns numerous additional trademark registrations for the Three-Stripe Mark covering footwear and various items of apparel, including U.S. Reg. Nos. 870,136, 961,353, 2,016,963, 2,058,619, 2,284,308, 2,278,591, 2,909,861, 2,999,646, 3,029,127, 3,063,745, 3,063,742, and 3,087,329. A copy of the Certificate of Registration for each of these marks is attached as **Exhibit 7**.

8

17.    adidas also owns federal registrations for verbal trademarks using the term "three stripes" including THE BRAND WITH THE THREE STRIPES, Reg. No. 1,674,229, for sport and leisure wear.  A copy of the Certificate of Registration for this mark is attached as **Exhibit 8**.

18.    The Three-Stripe Mark is well known and famous and has been for many years. adidas has used the Three-Stripe Mark in connection with their frequent sponsorship of sports tournaments and organizations, as well as professional athletes and collegiate sports teams.  For example, adidas has long-term relationships with the New York Yankees, Notre Dame, the University of California at Los Angeles, the University of Nebraska and the University of Tennessee.  Among many others, NBA stars Tim Duncan, Kevin Garnett, and Tracy McGrady, professional golfer Sergio Garcia, baseball player Nomar Garciaparra, and soccer stars David Beckham and Eddie Pope all are sponsored by adidas.  For many years, adidas has been a sponsor of the World Cup soccer tournament, has sponsored the world-famous Boston Marathon for more than a decade, and has sponsored many other events, teams, and individuals.  Prominent use of the Three-Stripe Mark in connection with these sponsorship activities has further enhanced the marks' recognition and fame.

19.    The Three-Stripe Mark is non-functional, and the public well recognizes and understands that the Three-Stripe Mark distinguishes and identifies adidas merchandise.  Indeed, unsolicited media coverage has referred to the "signature three stripes." (*L.A. Times*, August 13, 2004), the "famous brand with the three stripes" (*San Francisco Chronicle*, July 7, 2002), and the "legendary Adidas three stripes" (*Brand Strategy*, September 27, 1999).

20.    For decades, adidas extensively and continuously has used and promoted the Three-Stripe Mark in connection with athletic footwear and sportswear.  In recent years, annual sales of products bearing the Three-Stripe Mark have totaled in the billions of dollars globally

9

and in the hundreds of millions of dollars within the United States. The Three-Stripe Mark and Three-Stripe Mark have achieved international fame and tremendous public recognition.

21.    Since introducing its Three-Stripe Mark, adidas has spent millions of dollars promoting the mark and products bearing the mark. As a result of adidas's continuous and exclusive use of the Three-Stripe Mark in connection with its products, the mark enjoys wide public acceptance and association with adidas, and has come to be recognized widely and favorably by the public as an indicator of the origin of adidas's goods.

22.    As a result of adidas's extensive use and promotion of its Three-Stripe Mark, adidas has built up and now owns valuable goodwill that is symbolized by the mark. The purchasing public has come to associate the Three-Stripe Mark with adidas.

## DEFENDANT'S UNLAWFUL ACTIVITIES

23.    Jimlar/Rhodes imports, markets, sells, and offers for sale goods in interstate commerce that bear a confusingly similar imitation of adidas's Three-Stripe Mark. Examples of some of these shoes appear below:

 

 

24.     The goods distributed, offered for sale, and sold by Jimlar/Rhodes are not manufactured by adidas, nor is Jimlar/Rhodes associated or connected with adidas, or licensed, authorized, sponsored, endorsed, or approved by adidas in any way.

25.     adidas used the Three-Stripe Mark extensively and continuously before Jimlar/Rhodes began using and selling confusingly similar imitations of adidas's footwear.

26.     The goods sold by Jimlar/Rhodes are similar to, and compete with, goods sold by adidas, and are sold through overlapping channels of trade.

27.     Jimlar/Rhodes's use of confusingly similar imitations of adidas's Three-Stripe Mark is likely to deceive, confuse, and mislead purchasers and prospective purchasers into believing that footwear sold by Jimlar/Rhodes is manufactured by, authorized by, or in some manner associated with adidas, which it is not. The likelihood of confusion, mistake and deception engendered by Jimlar/Rhodes misappropriation of adidas's mark is causing irreparable harm to the goodwill symbolized by the Three-Stripe Mark and the reputation for quality that it embodies.

28.     Jimlar/Rhodes's activities are likely to cause confusion before, during, and after the time of purchase because purchasers, prospective purchasers, and others viewing Jimlar/Rhodes's footwear at the point of sale or on a wearer are likely -- due to Jimlar/Rhodes's

11

use of confusingly similar imitations of the Three-Stripe Mark -- to mistakenly attribute the
product to adidas. This is particularly damaging with respect to those persons who perceive a
defect or lack of quality in Jimlar/Rhodes's products. By causing such a likelihood of confusion,
mistake, and deception, Jimlar/Rhodes is inflicting irreparable harm to the goodwill symbolized
by the Three-Stripe Mark and the reputation for quality that it embodies.

29.     On information and belief, Jimlar/Rhodes continues to use confusingly similar
imitations of adidas's Three-Stripe Mark in connection with the sale of products that are directly
competitive to those offered by adidas. Jimlar/Rhodes began selling these imitations well after
adidas had established protectable rights in its Three-Stripe Mark, and well after the Three-Stripe
Mark became famous.

30.     On information and belief, Jimlar/Rhodes knowingly, willfully, intentionally, and
maliciously adopted and used confusingly similar imitations of adidas's Three-Stripe Mark.

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement)

31.     adidas repeats and incorporates by reference the allegations in paragraphs 1-30.

32.     Jimlar/Rhodes's use of confusingly similar imitations of adidas's Three-Stripe
Mark is likely to cause confusion, deception, and mistake by creating the false and misleading
impression that Jimlar/Rhodes's goods are manufactured or distributed by adidas, or associated
or connected with adidas, or have the sponsorship, endorsement, or approval of adidas.

33.     Jimlar/Rhodes has used marks confusingly similar to adidas's federally registered
marks in violation of 15 U.S.C. § 1114, and Jimlar/Rhodes's activities have caused and, unless
enjoined by this Court, will continue to cause a likelihood of confusion and deception of
members of the trade and public and, additionally, injury to adidas's goodwill and reputation as

12

symbolized by the federally registered Three-Stripe Mark, for which adidas has no adequate remedy at law.

34.   Jimlar/Rhodes's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's federally registered Three-Stripe Mark to adidas's great and irreparable injury.

35.   Jimlar/Rhodes has caused and is likely to continue causing substantial injury to the public and to adidas, and adidas is entitled to injunctive relief and to recover Jimlar/Rhodes's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition)

36.   adidas repeats and incorporates by reference the allegations in paragraphs 1-35.

37.   Jimlar/Rhodes's use of knockoff duplicates or confusingly similar imitations of adidas's Three-Stripe Mark has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Jimlar/Rhodes's goods are manufactured or distributed by adidas, or are affiliated, connected, or associated with adidas or have the sponsorship, endorsement, or approval of adidas.

38.   Jimlar/Rhodes has made false representations, false descriptions, and false designations of origin of its goods in violation of 15 U.S.C. § 1125(a), and Jimlar/Rhodes's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to adidas's goodwill and reputation as symbolized by the Three-Stripe Mark, for which adidas has no adequate remedy at law.

39.     Jimlar/Rhodes's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark to the great and irreparable injury of adidas.

40.     Jimlar/Rhodes's conduct has caused, and is likely to continue causing, substantial injury to the public and to adidas.  adidas is entitled to injunctive relief and to recover Jimlar/Rhodes's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116 and 1117.

## THIRD CLAIM FOR RELIEF
### (Federal Trademark Dilution)

41.     adidas repeats and incorporates by reference the allegations in paragraphs 1-40.

42.     adidas has extensively and continuously promoted and used the registered Three-Stripe Mark both in the United States and throughout the world.  The mark thereby had become a famous and well-known symbol of adidas's goods and services well before Jimlar/Rhodes offered for sale the footwear complained of in this Counterclaim.

43.     Jimlar/Rhodes is making commercial use in commerce of a mark that dilutes and is likely to dilute the distinctiveness of adidas's Three-Stripe Mark by eroding the public's exclusive identification of this famous mark with adidas, tarnishing and degrading the positive associations and prestigious connotations of the mark, and otherwise lessening the capacity of the mark to identify and distinguish goods and services.

44.     Jimlar/Rhodes's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark or to cause dilution of the Three-Stripe Mark, to the great and irreparable injury of adidas.

45.     Jimlar/Rhodes has caused and will continue to cause irreparable injury to adidas's goodwill and business reputation, and dilution of the distinctiveness and value of adidas's

14

famous and distinctive Three-Stripe Mark in violation of 15 U.S.C. § 1125(c). adidas therefore is entitled to injunctive relief and to Jimlar/Rhodes's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(c), 1116 and 1117.

## FOURTH CLAIM FOR RELIEF
### (State Trademark Dilution and Injury to Business Reputation)

46.     adidas repeats and incorporates by reference the allegations in paragraphs 1-45.

47.     adidas has extensively and continuously promoted and used the registered Three-Stripe Mark both in the United States and throughout the world, and the mark has become a distinctive, famous and well-known symbol of adidas's goods and services.

48.     Jimlar/Rhodes's unauthorized use of adidas's registered Three-Stripe Mark dilutes and is likely to dilute the distinctiveness of adidas's mark by eroding the public's exclusive identification of this famous and well-known mark with adidas, and tarnishing and degrading the positive associations and prestigious connotations of the Mark.

49.     Jimlar/Rhodes is causing and will continue to cause irreparable injury to adidas's goodwill and business reputation, and dilution of the distinctiveness and value of adidas's famous and distinctive Three-Stripe Mark in violation of New York General Business Law § 360-l (McKinney 2008), as well as the antidilution laws of the several states, including Alabama, ALA. CODE § 8-12-17 (2003); Alaska, ALASKA STAT. §45.50.180 (Michie 2002); Arizona, ARIZ. REV. STAT. ANN. §44-1448.01 (West 2003); Arkansas, ARK. CODE ANN. § 4-71-213 (2002); California, CAL. BUS. & PROF. CODE § 14330 (West 003); Connecticut, CONN. GEN. STAT. ANN § 35-11i(c) (West 2003); Delaware, DEL. CODE ANN. tit. 6, § 3313 (2002); Florida, FLA. STAT. ANN. § 495.151 (West 2003); Georgia, GA. CODE ANN. § 10-1-451 (2003); Hawaii, HAW. REV. STAT. ANN. §482-32 (Michie 2003); Idaho, IDAHO CODE § 48-

15

513 (Michie 2002); Illinois, 765 ILL. COMP. STAT. ANN. 1036/65 (2003); Iowa, IOWA

CODE ANN. § 548.113 (West 2003); Kansas, KAN. STAT. ANN. § 81-214 (2002); Louisiana,

LA. REV. STAT. ANN. § 51:223.1 (West 2003); Maine, ME. REV. STAT. ANN. tit. 10, § 1530

(West 2003); Massachusetts, MASS. GEN. LAWS. ANN. ch. 110B, § 12 (West 2003);

Minnesota, MINN. STAT. ANN. § 333.285 (West 2003); Mississippi, MISS. CODE. ANN. §

75-25-25 (2003); Missouri, MO. ANN. STAT. § 417.061(1) (West 2002); Montana, MONT.

CODE ANN. § 30-13-334 (2003); Nebraska, NEB. REV. STAT. ANN. §87-140 (Michie 2002);

New Hampshire, N.H. REV. STAT. ANN. § 350-A:12 (2003); New Jersey, N.J. STAT. ANN.

56:3- 13.20 (West 2003); New Mexico, N.M. STAT. ANN. § 57-3B-15 (Michie 2002); New

York, N.Y. GEN. BUS. Law § 360-l (2003); Oregon, OR. REV. STAT. § 647.107 (2001);

Pennsylvania, 54 PA. CONS. STAT. ANN. § 1124 (West 1996); Rhode Island, R.I. GEN.

LAWS § 6-2-12 (1992); South Carolina, S. C. CODE ANN. § 39-15-1165 (2002); Tennessee,

TENN. CODE ANN. § 47-25-513 (2003); Texas, TEX. BUS. & COM. CODE ANN. § 16.29

(Vernon 2003); Utah, UT. CODE ANN. §70-3a-403 (2002); Washington, WASH. REV. CODE

ANN. § 19.77.160 (2003); West Virginia, W. VA. CODE ANN. 47-2-13 (Michie 2003); and

Wyoming, WYO. STAT. ANN. § 40-1-115 (Michie 2002).    adidas therefore is entitled to

injunctive relief, damages and costs, as well as, if appropriate, enhanced damages and reasonable

attorneys' fees.

## FIFTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement and Unfair Competition)

50.    adidas repeats and incorporates by reference the allegations in paragraphs 1-49.

51.    Jimlar/Rhodes's acts constitute common law trademark infringement and unfair

competition, and have created and will continue to create a likelihood of confusion to the

16

irreparable injury of adidas unless restrained by this Court. adidas has no adequate remedy at law for this injury.

52.  On information and belief, Jimlar/Rhodes acted with full knowledge of adidas's use of, and statutory and common law rights to, the Three-Stripe Mark and without regard to the likelihood of confusion of the public created by Jimlar/Rhodes's activities.

53.  Jimlar/Rhodes's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark to the great and irreparable injury of adidas.

54.  As a result of Jimlar/Rhodes's acts, adidas has been damaged in an amount not as yet determined or ascertainable. At a minimum, however, adidas is entitled to injunctive relief, to an accounting of Jimlar/Rhodes's profits, to damages, and to costs. In light of the deliberately fraudulent and malicious use of confusingly similar imitations of adidas's Three-Stripe Mark, and the need to deter Jimlar/Rhodes from similar conduct, adidas additionally is entitled to punitive damages.

## SIXTH CLAIM FOR RELIEF
### (Unfair and Deceptive Trade Practices)

55.  adidas repeats and incorporates by reference the allegations in paragraphs 1-54.

56.  Jimlar/Rhodes has been and is passing off its goods as those of adidas, causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, or approval of Jimlar/Rhodes's goods, causing a likelihood of confusion as to Jimlar/Rhodes's affiliation, connection, or association with another, and otherwise damaging the public. Jimlar/Rhodes's conduct constitutes unfair and deceptive acts or practices in the course of a business, trade or commerce in violation of New York General Business Law § 349 (McKinney 2008), and the unfair and deceptive trade practices statutes of other states, including Colorado, Colo. Rev. Stat.

17

Ann. §§ 6-1-101 to 6-1-115 (West 1996 and Supp. 1998); Delaware, Del. Code Ann. tit. 6, §§ 2531 to 2536 (1993 & Supp. 1998); Georgia, Ga. Code Ann. §§ 10-1-370 to 10-1-375 (1994); Hawaii, Haw. Rev. Stat. §§ 481A-1 to 481A-5 (1993); Illinois, 815 Ill. Comp. Stat. Ann. 510/1 to 510/7 (1993); Maine, Me. Rev. Stat. Ann. tit. 10, §§ 1211 to 1216 (West 1996); Minnesota, Minn. Stat. Ann. § 325D.43 to .48 (West 1995); Nebraska, Neb. Rev. Stat. §§ 87-301 to 87-306 (1995); New Mexico, N.M. Stat. Ann. §§ 57-12-1 to 57-12-22 (Michie 1995); New York, N.Y. Gen. Bus. L. § 349 (McKinney 1988); Ohio, Ohio Rev. Code Ann. §§ 4165.01 to 4165.04 (West 1995); Oklahoma, Okla. Stat. Ann. tit. 78, §§ 51 to 55 (West 1995 & Supp. 1998); and Oregon Unlawful Trade Practices Act, O.R.S. §§ 646.605 to 646.656 (1997).

57.    Jimlar/Rhodes's unauthorized use of confusingly similar imitations of adidas's Three-Stripe Mark has caused and is likely to cause substantial injury to the public and to adidas, and adidas is entitled to injunctive relief and to recover damages, punitive damages, costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, adidas prays that:

1.    Jimlar/Rhodes and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Jimlar/Rhodes, or in concert or participation with Jimlar/Rhodes, and each of them, be enjoined permanently, from:

> a.  using any trademark, service mark, name, logo, design or source designation of any kind on or in connection with Jimlar/Rhodes's goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to, or in any way similar to the trademarks or trade dress of adidas;
>
> b.  using any trademark, trade dress, service mark, name, logo, design or source designation of any kind on or in connection with Jimlar/Rhodes's goods or

> services that is likely to cause confusion, mistake, deception, or public
> misunderstanding that such goods or services are produced or provided by
> adidas, or are sponsored or authorized by adidas or are in any way connected
> or related to adidas;
>
> c.  using any trademark, trade dress, service mark, name, logo, design or source
>     designation of any kind on or in connection with Jimlar/Rhodes's goods or
>     services that dilutes or is likely to dilute the distinctiveness of the trademarks,
>     trade dress, service marks, names, or logos of adidas; and
>
> d.  passing off, palming off, or assisting in passing off or palming off,
>     Jimlar/Rhodes's goods or services as those of adidas, or otherwise continuing
>     any and all acts of unfair competition as alleged in this Counterclaim;

2.    Jimlar/Rhodes be ordered to recall all products bearing the Three-Stripe Mark or any other confusingly similar variation thereof, which have been shipped by Jimlar/Rhodes or under its authority, to any customer, including, but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each customer a copy of this Court's order as it relates to said injunctive relief against Jimlar/Rhodes;

3.    Jimlar/Rhodes be ordered to deliver up for impoundment and for destruction all footwear, bags, boxes, labels, tags, signs, packages, receptacles, advertising, sample books, promotional material, stationery or other materials in the possession, custody, or under the control of Jimlar/Rhodes that are found to adopt, to infringe, or to dilute any of adidas's trademarks or trade dress or that otherwise unfairly compete with adidas and their products and services;

4.    Jimlar/Rhodes be compelled to account to adidas for any and all profits derived by Jimlar/Rhodes from the sale or distribution of infringing goods as described in this Counterclaim;

5.    adidas be awarded all damages caused by the acts forming the basis of this Counterclaim;

19

6.    Based on Jimlar/Rhodes's knowing and intentional use of confusingly similar imitations of adidas's Three-Stripe Mark, the damages award be trebled and the award of Jimlar/Rhodes's profits be enhanced as provided for by 15 U.S.C. § 1117(a);

7.    Jimlar be required to pay to adidas the costs of this action and their reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and the state statutes cited in this Counterclaim;

8.    Based on Jimlar/Rhodes's willful and deliberate infringement and dilution of adidas's marks, and to deter such conduct in the future, adidas be awarded punitive damages; and

9.    adidas have such other and further relief as the Court may deem just.

## JURY TRIAL DEMAND

adidas respectfully demands a trial by jury on all claims and issues so triable.

Dated: January 12, 2009

### KILPATRICK STOCKTON LLP

*/s/ James Howell Sullivan Jr.*
James Howell Sullivan Jr.
31 West 52nd Street, 14th Floor
New York, NY 10019
Telephone: (212) 775-8700
Facsimile: (212) 775-8800
JaySullivan@KilpatrickStockton.com

R. Charles Henn Jr.
(admitted *pro hac vice*)
Charles H. Hooker III
(admitted *pro hac vice*)
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4530
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

*Attorneys for Defendants/Counterclaim Plaintiffs*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

JIMLAR CORPORATION and RHODES LTD.,

     Plaintiffs/Counterclaim Defendants,

     v.

ADIDAS AG and ADIDAS AMERICA, INC.,

     Defendants/Counterclaim Plaintiffs,

Case No.: 08-CIV-8847

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing on:

### VIA OVERNIGHT DELIVERY

Robert L. Epstein, Esq.
Jason M. Drangel, Esq.
Epstein Drangel Bazerman &
James LLP
60 East 42nd Street, Suite 820
New York, NY 10165

Attorneys for Defendants Rhodes Ltd.
and Jimlar Corporation

by causing a full, true, and correct copy thereof, addressed to the last-known office

address of said attorneys and agents, to be sent by the above-indicated method, on the

date set forth below.

DATED: January 12, 2009

By: _____

Attorney for adidas

21